# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GWENDOLYN D. WILSON,** *et al.* | * | |
| *Plaintiffs,* | * | |
| v. | * | Case No. RWT 16-cv-3303 |
| **SHAPIRO BROWN & ALT, LLP,** *et al.* | * | |
| *Defendants.* | * | |

## MEMORANDUM OPINION

On August 24, 2016, Gwendolyn D. Wilson and Paulette L. Scott ("Plaintiffs") initiated this action against Shapiro Brown & Alt, LLP ("Shapiro") and Wells Fargo Bank, N.A. ("Wells Fargo") in the Circuit Court for Prince George's County, Maryland. ECF No. 2. On September 30, 2016, the Defendants removed the action to this Court. ECF No. 1.

Although the Court finds it incredibly difficult to discern the causes of action in Plaintiffs' Complaint, it appears that they are primarily requesting an Order from this Court enjoining foreclosure proceedings in the Circuit Court for Prince George's County, Maryland[1] concerning the property located at 13300 Big Cedar Lane, Bowie, Maryland 20720. ECF No. 2 at 3. On October 7, 2016, Defendant Wells Fargo filed a Motion to Dismiss. ECF No. 11. Originally having failed to file a timely response to Plaintiffs' Complaint, Defendant Shapiro filed a Motion to Accept Late Response to Complaint, with an accompanying Motion to Dismiss, on November 18, 2016. ECF No. 18. The issues have been fully briefed, and the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons state below, the Court will grant Defendants' Motions to Dismiss and dismiss the Complaint in its entirety.

---

[1] *Shapiro v. Scott*, No. CAE12-32382.

# I.    Background Facts

On July 29, 2005, the Plaintiffs purchased the property at 13300 Big Cedar Lane, Bowie, Maryland 20720 (the "Property").  ECF Nos. 2 at 3; 11-2.[2]  In order to purchase the Property, the Plaintiffs obtained a mortgage loan (the "Loan") from Wells Fargo, secured by a Deed of Trust on the Property.  ECF No. 11-3.  In 2011, the Loan was assigned to US Bank National Association as Trustee.  ECF No. 11-4.  Sometime thereafter the Plaintiffs defaulted, and substitute trustees at the direction of Wells Fargo commenced foreclosure proceedings in the Circuit Court for Prince George's County, Maryland on October 16, 2012.  *See* ECF No. 11-5.

When the parties were unable to reach an agreement in mediation, the circuit court entered an order on March 18, 2014 authorizing the foreclosure to proceed.  ECF No. 11-6 at 3. Despite Plaintiffs' individual filing of bankruptcy actions following this order, on September 8, 2016, a Praecipe was filed releasing the bankruptcy actions, and the foreclosure action was allowed to proceed.  *Id.*  On August 24, 2016, the Plaintiffs initiated the instant action.  ECF No. 2.

# II.    Legal Standard

## 1.    *Pro Se* Standard

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).  The mandated liberal

---

[2] The Court takes judicial notice of Exhibits A–F of Defendant Wells Fargo's Memorandum of Law in Support of Motion to Dismiss as they are matters of public record filed in the courts and land records.  *See* Fed. R. Evidence 201.  Accordingly, the Court may consider these exhibits in reviewing Defendants' Motions to Dismiss. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint in order for it to survive a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## 2.     Motion to Dismiss Based on Rule 12(b)(6)

The Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. ECF Nos. 11; 18-1. A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6). . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville, Virginia*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

On a motion to dismiss, courts must accept "all well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Fed. R. Civ. P. Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.  Analysis

As discussed above, Plaintiffs are requesting a Temporary Restraining Order from this Court enjoining foreclosure proceedings in the Circuit Court for Prince George's County and a declaratory judgment that Defendants have no standing to maintain the state court action. ECF No. 2 at 3.  Insofar as the Court is able to discern the often unintelligible Complaint, Plaintiffs also allege violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, as well as fraud and slander of title.  In addition, they challenge the assignment of the Loan to US Bank National Association. Lastly, they also allege that Defendants failed to respond to a Qualified Written Request ("QWR") in violation of the Real Estate Settlement Procedures Act ("RESPA").  The Court will now individually address the merits of each of these causes of action.

### 1.  Plaintiffs' Request for a Temporary Restraining Order Enjoining the State Court Proceedings and Preliminary Injunctive Relief

Under the Anti-Injunction Act ("AIA"), this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Williams v. Cohn*, 2016 WL 4415058, at *2 (D. Md. Aug. 19, 2016).  As Congress has not expressly authorized this Court to stay foreclosure proceedings, and such an injunction is unnecessary to protect this Court's jurisdiction or its judgments, the Court cannot grant Plaintiffs the requested relief.  To the extent that the Plaintiffs are asking for emergency relief, they must

seek it in the pending action in the circuit court. Accordingly, the request for a Temporary Restraining Order and Preliminary Injunction will be denied.

### 2. Plaintiffs' Request for Declaratory Judgment

Plaintiffs also request that this Court enter an Order declaring, *inter alia*, that Defendants lack standing to proceed in the foreclosure proceedings in state court. ECF No. 2 at 19–20. In addition to limiting the Court's ability to issue injunctions, the AIA also "bars the issuance of a declaratory judgment that has the same practical effect as an injunction." *Williams*, 2016 WL 4415058, at *2 (citation omitted). Because issuing declaratory judgment that the Defendants lack standing to proceed in the foreclosure proceedings in state court has the same "practical effect" as enjoining the state proceedings—halting the foreclosure action in state court—the Court will not issue any declaratory judgment. *See id.*

### 3. Alleged Violation of the Fair Debt Collection Practices Act

Plaintiffs also seem to allege a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). *See* ECF No. 2 at 4–5. As a threshold question, to state a claim under the FDCPA, the consumer must allege that the defendant is a "debt collector" under the FDCPA. *Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC*, 929 F. Supp. 2d 502, 524 (D. Md. 2013). The FDCPA defines a debt collector as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, Wells Fargo originated the Loan and remained the mortgage servicer of the Loan. *See* ECF Nos. 11-3; 11-4. Accordingly, Wells Fargo is not a "debt collector" under the FDCPA and Plaintiffs cannot, as a matter of law, sustain a claim under the FDCPA against Defendant Wells Fargo. *See* 15 U.S.C. § 1692a(6)(F) (excluding from the term "debt collector" "any

person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person. . . [or] concerns a debt which was not in default at the time it was obtained by such person.").

On the other hand, Wells Fargo appointed attorneys at the Shapiro law firm as substitute trustees to proceed with foreclosure proceedings after the Plaintiffs defaulted on their Loan. *See* ECF No. 11-5 at 2. Defendant Shapiro, therefore, is a "debt collector" pursuant to the FDCPA. *See McCray v. Federal Home Loan Mortgage Corp.*, 839 F.3d 354, 359 (4th Cir. 2016) (holding a firm and the substitute trustees who "pursue foreclosure on behalf of creditors. . . were acting as 'debt collectors'" as defined by the FDCPA).

Beyond conclusory statements, however, the only intelligible factual allegation pled against Shapiro on this allegation is that "[t]he new loan number is not connected to Plaintiff(s), [sic] which is a misrepresentation and violation of the FDCPA." ECF No. 2 at 5. Instead, Plaintiffs pled that "at some time unknown to Plaintiff(s), [sic] and without Plaintiff(s)' [sic] authorization or signature, the Defendant(s) [sic] changed the loan number." *Id.* at 4.

In order for a misrepresentation to give rise to a claim under the FDCPA and survive a motion to dismiss, the misrepresentation must be material. *Stewart v. Bierman*, 859 F. Supp. 2d 754, 764 (D. Md. 2012). Plaintiffs have failed to adequately plead facts to demonstrate why a new loan number was material. Accordingly, Plaintiffs have failed to allege "sufficient factual matter, [even if] accepted as true, to state a claim to relief that is plausible on its face." *See Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### 4. Alleged Violation of the Fair Credit Reporting Act

Although Plaintiffs fail to set forth any distinct cause of action under the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, they request in their prayer for relief monetary damages for "libel to Plaintiffs' credit" and "false reporting to the Credit Reporting Agencies [("CRAs")]." *See* ECF No. 2 at 20. "[T]o bring a claim under 1681s-2(b), a plaintiff must establish three elements: (1) that he or she notified the [CRA] of the disputed information, (2) that the [CRA] notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information." *Alston v. Branch Banking & Trust Co.*, 2016 WL 4521651, at *6 (D. Md. Aug. 26, 2016) (quotations omitted, alterations in original). Plaintiffs have failed to allege any factual material to support any of the three elements. Accordingly, even when liberally construed, Plaintiffs have failed to state a claim under the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*

### 5. Fraud and Slander of Title

Plaintiffs also allege that "Defendant(s) [sic] have caused a fraudulent document to be placed upon the Property Records of Prince George's County which creates not only a cloud upon Title, but slanders the Title as well." ECF No. 2 at 17. Therefore, Plaintiffs "respectfully demands [sic] to inspect the 'Original Deed of Trust Note,' Acknowledged and Accepted with wet ink signatures, along with the Title Page that shows whether or not the Deed of Trust has been satisfied." *Id.*

In order to state a claim for slander of title under Maryland law, Plaintiffs "must plead facts sufficient to show (1) a false statement, (2) that the false statement was communicated to someone else (publication), (3) malice, and (4) special damages." *Rounds v. Maryland-Nat. Capital Park & Planning Comm'n*, 109 A.3d 639, 663 (Md. 2015), *reconsideration denied*

(Mar. 27, 2015) (citation omitted).  As a preliminary matter, beyond the conclusory statements contained in the Complaint, Plaintiffs have failed to plead any factual support that satisfies Fed. R. Civ. P. Rule 8's pleading requirements.  *See Twombly*, 550 U.S. at 556 n.3 (Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief") (quoting Fed. R. Civ. P. 8(a)(2)).

### 6. Challenges to the Assignment of the Loan

Plaintiffs also challenge the assignment of the Loan from Wells Fargo to US Bank National Association, alleging that "the Note and security deed were separated/split, where the deed alone was separated from the note.  Based on knowledge and belief, the promissory note has been pledged, hypothecated, and/or assigned as a collateral security to an unknown entity." *See* ECF No. 2 at 4.  Plaintiffs, however, lack standing to challenge the assignment of the Note to US Bank National Association.  *See Danso v. Ocwen Loan Servicing, LLC*, 2016 WL 4437653, *4 (D. Md. Aug. 23. 2016) (holding when a plaintiff is not a party to the assignment, nor an intended beneficiary, a plaintiff cannot challenge the validity of the assignment).  Accordingly, Plaintiffs lack standing to set forth this claim, and the Court will not consider the merits of their argument.  *See id.*

### 7. Alleged Violation of the Real Estate Settlement Procedures Act

Lastly, Plaintiffs allege that Defendants failed to respond to a QWR in violation of RESPA.  In the Complaint, Plaintiffs allege that they "requested the proof and even sent a Qualified Written Request, as allowed under the Real Estate Protection Act [sic], to Defendants [sic] Wells Fargo Bank, N.A. who has refused to provide proof thereof and to answer Plaintiff(s)' [sic] questions."  ECF No. 2 at 5.  It is impossible to discern, without more, what proof the Plaintiffs sought from Defendants, or even what specific written request they are

referring to.  The Complaint does not contain any factual support to demonstrate how this alleged QWR meets RESPA's definition of a QWR.  Accordingly, the Complaint fails to adequately plead any cause of action under RESPA.  *See McCray v. Bank of America Corp.*, 2015 WL 3487750, at *8 (D. Md. June 1, 2015).

## IV.    Defendant Shapiro Brown & Alt, LLP's Motion for Extension of Time

Originally having failed to file a timely response to Plaintiffs' Complaint, Defendant Shapiro filed a Motion to Accept Late Response to Complaint, with an accompanying Motion to Dismiss, on November 18, 2016.  ECF No. 18.  For good cause having been shown, the Court will grant both the Motion for Extension of Time and the Motion to Dismiss.

## V.    Conclusion

To the fullest extent that the Court is able to liberally construe the Complaint, Plaintiffs have failed to adequately plead any cause of action.  *See Taylor v. United Food and Commercial Workers, Local 400*, 2014 WL 4467836, at *2 (D. Md. Sept. 8, 2014) ("Although Plaintiff[s] [are] proceeding *pro se* and [their] complaint is to be construed liberally, this does not absolve Plaintiff[s] of [their obligation to plead a plausible claim.") (citations omitted).  Accordingly, the Complaint [ECF No. 2] will be dismissed in its entirety, and Defendants' Motions to Dismiss [ECF Nos. 11 and 18-1] will be granted.  A separate Order will follow.


Date:  August 21, 2017                           _____/s/_____
                                                 ROGER W. TITUS
                                                 UNITED STATES DISTRICT JUDGE